# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:24-cv-00095-MOC

| | |
|---|---|
| ANTONIO YULANDER PEARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ROBERT T. BARKER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 5].

Pro se Plaintiff Antonio Yulander Pearson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Marion Correctional Institution ("Marion") in Marion, North Carolina. On October 17, 2023, Plaintiff filed an action pursuant to 42 U.S.C. § 1983 against Defendant Robert T. Barker, a Disciplinary Hearing Officer (DHO) at Marion, as the sole Defendant. [Case No. 1:23-cv-00296, Doc. 1]. Plaintiff alleged that Defendant was the DHO assigned to Plaintiff's disciplinary hearing and punished Plaintiff for his offense, which resulted in Plaintiff losing his radio and recreation time for 60 days. Plaintiff alleged that he was in his cell "with nothing," including no access to a television or opportunity to exercise. [Id., id. at 3]. Plaintiff claimed that he was subjected to cruel and unusual punishment under the Eighth Amendment. [Id., id. at 2-3]. Plaintiff's Complaint failed initial review for Plaintiff's failure to state a claim upon which relief may be granted and the Court allowed him 30 days to amend his Complaint to properly state a claim for relief. [Id., Doc. 8]. Plaintiff filed an Amended Complaint

in which he again named Defendant Barker as the sole Defendant. [Id., id. at 2]. Plaintiff alleged that he was in Marion's [Rehabilitative Diversion Unit (RDU)] Program from July 17, 2023 to September 17, 2023 and "forced to remain locked in [his] room for 60 days as a prisoner of war! [He] had no privilages [*sic*] except shower 3 times a week!" [Id., id. at 4-5]. Plaintiff also alleged that he "was even found Guilty for one charge that [he] wasn't even written up for & that was all for 60 Days!" [Id., id. at 12]. The Court found that Plaintiff had again failed to state a claim for relief, noting that he alleged "only that he was placed in RDU at Marion for a period of 60 days, presumably as punishment for a disciplinary offense, and that as a result he lost privileges, such as television and recreation time." [Id., Doc. 10 at 6]. The Court also noted that Plaintiff failed to allege any personal participation by Defendant Barker in any event. [Id., id.]. Because Plaintiff failed to amend his Complaint in accordance with the Court's Order and otherwise failed to state a claim for relief, the Court dismissed the action with prejudice. [Id., id. at 7].

On April 2, 2024, Plaintiff filed the instant Complaint pursuant to 42 U.S.C. § 1983 again naming Defendant Barker as the sole Defendant. [Doc. 1]. Plaintiff again purports to seek relief for his punishment following his July 17, 2023 hearing. [Id. at 5]. He alleges only that "[he] went to a hearing & all [his] privileges were taken for 60 days leaving [him] a prisoner of war." [Id. at 5]. For injuries, he claims that "[his] mental health medication had to get changed & highered." [Id. at 5]. He seeks monetary relief only. [Id.]. Plaintiff claims, despite his Complaint in Case No. 1:23-cv-00296-MR, that he has not filed other lawsuits dealing with the same facts in the pending action. [Id. at 9].

The Court will dismiss Plaintiff's Complaint on initial review with prejudice because it is frivolous and foreclosed by the with prejudice dismissal of his Amended Complaint in Case No. 1:23-cv-296. Plaintiff cannot simply ignore the Court's ruling in that action and refile the instant

2

Case 1:24-cv-00095-MOC   Document 6   Filed 04/17/24   Page 2 of 3

Complaint involving the same facts as those propounded there.  Moreover, Plaintiff has failed to state a claim for relief in the pending Complaint, and he has already shown in the dismissed action that he is unable to state a claim for relief involving the alleged facts.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

Plaintiff is admonished that he is subject to the three-strikes provision of the PLRA.  It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Any of the enumerated types of dismissals count as a strike, "whether [the dismissals are] with prejudice or without."  Lomax v. Ortiz-Marquez, 140 S.Ct. 1721, 1723 (2020).  As such, if Plaintiff brings three or more civil actions that are dismissed on the grounds that they are frivolous, malicious or fail to state a claim for relief, he will not be allowed to proceed in forma pauperis absent "imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED with prejudice** in accordance with the terms of this Order.  28 U.S.C. §§ 1915(e)(2); 1915A

The Clerk is respectfully instructed to terminate this action.

Signed: April 16, 2024



Max O. Cogburn Jr.
United States District Judge